**Jonathan A. Stieglitz, Esq.**
**(SBN 278028)**
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email:** jonathan.a.stieglitz@gmail.com

**Yitzchak Zelman, Esq.**
*Pro Hac Vice To Be Filed*
**MARCUS & ZELMAN, LLC**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email:** Yzelman@marcuszelman.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEAH EDWARDS**, <br><br> Plaintiff, <br><br> -against- <br><br> **ALORICA, INC.**, <br><br> Defendant. | **Civil Case No.:** <br><br> **COMPLAINT** <br> **and** <br> **JURY TRIAL DEMAND** <br><br> <u>**CIVIL ACTION**</u> |

Plaintiff **Leah Edwards,** ("Plaintiff"), by and through her attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant ALORICA, INC.

(hereinafter referred to as "Defendant"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff Leah Edwards has been an unfortunate victim of incessant and relentless collection calls made by Alorica, Inc. to her cellular phone. The conduct in this action is particularly egregious – Defendant called the Plaintiff over 300 times in less than two months, up to ten times per day, sometimes with calls one minute apart.

2. In this action, Plaintiff seeks damages arising from the Defendant's violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

3. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become

"pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff Leah Edwards is a natural person who resides in Athens, Georgia.
6. Defendant Alorica, Inc. is a debt collector with its principal place of business located at 5161 California Ave, Irvine, CA 92617.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331.
8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On April 26, 2016, Defendant Alorica began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system, by calling the Plaintiff's cellular telephone phone number of (404) 748-0320 on hundreds of occasions.

11. Upon information and belief, Defendant Alorica was hired by Credit One Bank, to place auto-dialed calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number of (404) 748-0320.

12. Defendant did not have the Plaintiff's consent to make any of these calls to her cellular phone.

13. Each of the Defendant's hundreds of calls to the Plaintiff were made via the use of the LiveVox 5.0 predictive dialer.

14. The LiveVox 5.0 predictive dialer has the ability to store phone numbers.

15. The LiveVox 5.0 predictive dialer has the ability to automatically dial those stored phone numbers without any human intervention.

16. Defendants' calls and prerecorded messages called and/or directed towards

the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated calls on her cellular phone.

17. Plaintiff is the customary and sole user of the cellular phone number (404) 748-0320.

18. Defendant specifically used an automated telephone dialing system to call the Plaintiff on her cell phone <u>eight</u> times each on April 29 and 30, 2016, amongst numerous other dates.

19. Defendant specifically used an automated telephone dialing system to call the Plaintiff on her cell phone <u>nine</u> times each on May 2, 2016.

20. Defendant's use of an automated telephone dialing system was further clearly indicated by (1) the placement of eight or more calls to the Plaintiff per day, (2) silence when the Plaintiff would answer the phone, (3) the fact that no one would often be on the other end of the line when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

21. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system to place calls to any telephone number assigned to

a cellular telephone service.

22. Plaintiff suffered actual damages because the Defendant's calls to her cell phone deprived her of the use of his cellular phone during the times that the Defendant was calling her cellular phone, depleted battery life of the cellular telephone, and invaded on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

23. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

24. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

### FIRST CAUSE OF ACTION

### (Violations Of The TCPA)

26. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

27. Credit One Bank contracted with Defendant to place collection calls to the Plaintiff's cellular phone number of (404) 748-0320.

28. Pursuant to its contract with Credit One Bank, Defendant began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system throughout 2016 by calling the Plaintiff's cell phone number of (404) 748-0320 hundreds of times.

29. Defendant used the Livevox 5.0 dialing system, a system that functions and operates as a predictive dialer, to place these calls to Plaintiff.

30. This dialing system has both the capability to store phone numbers, and to automatically dial those stored phone numbers.

31. Defendant called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

32. The Plaintiff never gave the Defendant her prior, express permission to call her cell phone via the use of an automated telephone dialing system.

33. As the party responsible for actually dialing and placing hundreds of calls to the Plaintiff in violation of the TCPA, Defendant is liable to Plaintiff for any such calls it placed to Plaintiff.

34. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to

any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

35. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it did not have the Plaintiff's consent to make these calls. In fact, Plaintiff expressly told Credit One to stop calling her on numerous occasions, including on March 11, 2016.

36. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

37. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

38. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

39. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

    A. For mandatory statutory damages of $500 provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for each call placed by Defendant to the Plaintiff's cellular phone;

    B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for each of the Defendant's willful violations of the TCPA;

    C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: November 4, 2019

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.,
*Pro Hac Vice To Be Filed*
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:     (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff

/s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748