# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH EDWARDS,<br><br>        Plaintiff,<br><br>    v.<br><br>ALORICA, INC.,<br><br>        Defendant. | Case No. 8:19-CV-02124-JWH-DFMx<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 72]** |

Before the Court is the motion of Defendant Alorica, Inc., for judgment on the pleadings.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, and in the absence of any opposition,[2] the Court **GRANTS** the Motion, as set forth herein.

## I. BACKGROUND

Plaintiff Leah Edwards filed her Complaint commencing this action on November 4, 2019.[3] In her Complaint, Edwards asserts a single claim for relief against Alorica for violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227. Edwards alleges that in April and May of 2016, Alorica used the Livevox 5.0 dialing system to make over 300 telephone calls to Edwards' cell phone without her consent. Edwards alleges that the Livevox 5.0 dialing system constitutes a prohibited automatic telephone dialing system ("ATDS") under the TCPA. Edwards seeks an award of statutory damages of $500 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B), as well as treble damages pursuant to 47 U.S.C. § 227(b)(3).

Alorica filed the instant Motion on May 21, 2021. Edwards did not file any opposition to the Motion, timely or otherwise.[4] Alorica, therefore, requests that the Court grant the Motion and enter judgment in its favor.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may move for judgment on the pleadings after the pleadings are closed, but before trial.

---

[1] Def.'s Mot. for J. on the Pleadings (the "Motion") [ECF No. 72].
[2] The Court considered the following papers in connection with the Motion: (1) the Motion (including its attachments); (2) Def.'s Notice of Non-Opp'n to the Motion (the "Non-Opposition") [ECF No. 81]; and (3) Def.'s Notice of Supplemental Authority in Supp. of the Motion [ECF No. 83].
[3] Compl. (the "Complaint") [ECF No. 1].
[4] *See generally* Non-Opposition.

Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Accordingly, a motion under Rule 12(c) tests the legal sufficiency of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1063 n.4 (9th Cir. 2011). The analysis is "substantially identical" to that of a motion to dismiss under Rule 12(b)(6): a court must determine whether, crediting the factual allegations as true, the moving party is entitled to judgment as a matter of law. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The principal difference between the two motions is the timing of the filing. *Dworkin v. Hustler Magazine*, 687 F.2d 1188, 1192 (9th Cir. 1989). Under both standards, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In other words, the Complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### III.  DISCUSSION

This Court's Local Rules provide, in pertinent part, that the "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." L.R. 7-12. The Ninth Circuit has held that it is "well-within" a court's discretion to determine that the "lack of timely opposition is tantamount to a concession that its position in the litigation [is] not substantially justified." *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004); *see also Patel v. City of Los Angeles*, 791 F. App'x 688, 689 (9th Cir. 2020) (Mem.).

As noted, Edwards, who is represented by counsel, failed to oppose Alorica's Motion by the deadline established in the Local Rules. Accordingly, pursuant to L.R. 7-12, the Court finds good cause for granting the unopposed

Motion. *See Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).

Putting aside for the moment that Edwards failed to oppose the Motion, on the merits the Court also finds that Edwards fails to state a claim upon which relief can be granted. Therefore, Alorica is entitled to judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

Earlier this year, in *Facebook v. Duguid*, 141 S. Ct. 1163 (2021), the Supreme Court held that an ATDS does ***not*** encompass devices that merely contact a cellular phone by text or call from "stored" telephone numbers. Instead, Court explained that for a device to qualify as an ATDS, it "must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook*, 141 S. Ct. at 1167; *see also id.* at 1170 ("Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator"). Here, in support of her claim that Alorica used an ATDS to place the calls at issue, Edwards alleges that the calls were made "automatically" by a device that can "store" numbers.[5] Edwards does not allege, however, that the system that Alorica allegedly used to place the calls at issue created her number randomly or sequentially.

Accordingly, in view of the Supreme Court's decision in *Facebook*, Edwards does not sufficiently allege that the Livevox 5.0 dialing system constitutes an ATDS. *Cf. id.* at 1167 & 1169–1170. Therefore, Edwards fails to state a claim for relief for violation of the TCPA, and Alorica is entitled to judgment on the pleadings.

---

[5] *See* Complaint ¶¶ 15, 16, & 30.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Alorica's Motion is **GRANTED** in its entirety.
2. Judgment will issue in accordance with this Order.

**IT IS SO ORDERED.**

Dated: August 30, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE